# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael James Vinson, | ) | Civil Action No. 2:20-cv-00843-RMG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Timothy Davidson and James B. McClellan, III, | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's motion to remand and for attorney's fees. (Dkt. No. 4). Defendants do not oppose remand. (Dkt. No. 8). The motion is granted in part and denied in part.

This case was originally filed in the Court of Common Pleas for Berkeley County on January 7, 2020. Defendants removed to this court on February 25, 2020. Removal was made pursuant to 28 U.S.C. §§ 1331 and 1441—federal question jurisdiction. (Dkt. No. 1). Plaintiff filed a motion to remand on February 27, 2020 clarifying the "complaint is based solely on a cause of action for malicious prosecution that arises under State law." (Dkt. No. 4). Plaintiff also requested attorney's fees under 28 U.S.C. § 1447(c). Defendants responded consenting to remand because Plaintiff had confirmed "he does not allege any violation of his constitutional rights." (Dkt. No. 8). Defendants did not address Plaintiff's request for attorney fees. Under these circumstances, it appears the Court lacks subject matter jurisdiction, and the case should be remanded pursuant to 28 U.S.C. § 1447(c).

The Court denies, however, Plaintiff's request for attorney's fees. The Supreme Court has stated the standard for awarding attorney's fees pursuant to § 1447(c): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal. Converesly, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (award of attorney's fees under § 1447(c) are within trial court's discretion and should not be awarded as a matter of course). In Plaintiff's complaint, Plaintiff alleged, generally speaking, that Defendants, both police officers, wrongfully pulled Plaintiff over, searched his car, and prosecuted Plaintiff for drug trafficking. *See* (Dkt. No. 1-1). Plaintiff's complaint did not enumerate the causes of action he brought. Instead, Plaintiff concluded his complaint by stating that, *inter alia*, as "a direct and proximate result of the aforesaid malicious prosecution of the Plaintiff by the Defendants the Plaintiff: (a) Was deprived of his liberty and freedom; (b) Had his pick-up truck towed; (c) Was humiliated and embarrassed; (d) Was falsely, maliciously, and publicly accused of a being a drug trafficker" and suffered other injuries. (*Id.* at 5). In their notice of removal, Defendants argued that Plaintiff had invoked federal question jurisdiction because Plaintiff stated Defendants' actions "deprived [him] of his liberty and freedom." (Dkt. No. 1-1 at 5). Given the tenor of the allegations of the complaint and Plaintiff's failure to articulate his causes of action, Defendants' inference that Plaintiff's complaint implicated a federal question was objectively reasonable. *See Clipper Air Cargo, Inc. v. Aviation Prods. Intern., Inc.*, 981 F. Supp. 956, 960 (D.S.C. 1997) (holding that award of attorneys' fees and costs is appropriate under § 1447(c) where removal is "frivolous"). Importantly, there is also no evidence before the Court that Defendants intended to "harass or delay when they removed." *Legette v. Nucor Corp.*, No. 2:12-cv-1020-PMD, 2012 WL 3029650, at *4-5 (D.S.C. July 25, 2012); *Martin*, 546 U.S. at 140. Plaintiff is not entitled to attorney's fees.

For the foregoing reasons, Plaintiff's motion to remand and for attorney's fees (Dkt. No. 4) is **GRANTED IN PART** and **DENIED IN PART**. The case is remanded to the Berkeley County Court of Common Pleas, but the Court does not award Plaintiff attorney's fees.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 11, 2020
Charleston, South Carolina